UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| PAUL J. KORN, | |
| Plaintiff, | Civil Action No. 5: 15-338-KKC |
| V. | |
| MARIA MARRERO, et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

*** *** *** ***

Paul J. Korn is a former federal inmate now residing in Roseville, Minnesota. On November 13, 2015, Korn filed a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] The Court has granted his motion to proceed *in forma pauperis* by prior Order. [R. 5]

Because Korn has been granted permission to proceed *in forma pauperis*, the Court must conduct a preliminary review of his complaint. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). Federal law requires "the court [to] dismiss the case at any time if the court determines" the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2). When testing the sufficiency of Korn's complaint on initial screening, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Korn's complaint asserts two claims against three physicians relating to the sufficiency of the medical care he received while confined at the Federal Medical Center in

1

Lexington, Kentucky. The Court construes his claims as asserting violation of his right under the Eighth Amendment to be free from cruel and unusual punishment represented by prison officials' display of deliberate indifference to his serious medical needs.

Korn's first claim alleges that Dr. Robert Lightfoot, a consulting specialist in rheumatology at the University of Kentucky Medical Center ("UKMC"), refused to diagnose him with Sjogren's syndrome notwithstanding the fact that Korn believes he "had all the signs" of the condition. Korn filed an inmate grievance regarding this claim on January 18, 2014; the grievance was denied by the warden on February 6, 2014. There is no indication that Korn appealed that determination, and none of the other grievances Korn filed in 2014 mention this medical issue. [R. 1 at p. 4; R. 1-1 at p. 2, 5]

Korn filed a second series of grievances based upon Dr. Lightfoot's failure to concur with his self-diagnosis of Sjogren's syndrome starting in February 2015. In these grievances, Korn noted that in the last year he had multiple biopsies taken of his salivary glands as well as three CT scans and one magnetic resonance imagery scan. He further alleged that Dr. Archer, a gastroenterologist, disagreed with Dr. Lightfoot's medical conclusion that Korn could not be diagnosed with Sjogren's syndrome. [R. 1-2 at pp. 2-3]

Korn's second claim asserts that two of his treating physicians at FMC-Lexington, Dr. Christopher Goss and Dr. Maria Marrero, refused to give him the amount and kind of pain medication appropriate to manage his chronic pain. Korn alleges that on February 13, 2014, Dr. Goss told him that his pain medication was being discontinued as a punishment for filing a grievance against the medical department. [R. 1 at p. 3] However, in a March 8, 2014, grievance regarding this meeting, Korn complained that Dr. Goss told him that "I am discontinuing your pain medication because there is no diagnosis to keep you on it." [R. 1-1 at p. 2] As part of an extensive medical history appended to the grievance, Korn explained that his prior physicians (including Dr. Goss) had recommended and utilized methadone

2

treatment for his chronic pain in the past, but after returning from "BOP training" Dr. Goss concluded that pain management with methadone was not necessary or appropriate, and began slowly reducing the dosage. [R. 1-1 at pp. 3-4]

Shortly thereafter, in consultation with Korn's rheumatologist, Dr. Goss reinstated the methadone prescription on April 8, 2014. [R. 1-1 at p. 7] In an appeal regarding this issue to the BOP's Central Office, Korn complained that Dr. Goss had reduced the dosage, but in its response the BOP noted that Dr. Goss had prescribed 50 milligrams of methadone per day, nearly the 60 mg daily dosage Korn claimed was necessary, and that on Dr. Goss's orders, Korn was taking a number of other prescriptions, including Hydroxychloroquine, Cavimelide, and Pentosan, to address his many medical conditions. [R. 1-1 at p. 10] Korn also claims that Dr. Marrero acted in a similar manner in September 2014 when she did not follow recommendations made by UKMC physicians regarding management of his chronic pain.[1] [R. 1 at pp. 2-3]

Having conducting its initial screening of Korn's complaint, the Court concludes that some of Korn's claims are time barred, and that all of his allegations fail to state a claim for the deprivation of rights secured by the Constitution. First, Korn's allegations arising out of conduct occurring in 2014 are barred by the statute of limitations. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. Cf. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Baker v. Mukaskey*, 287 F. App'x 422, 424-25 (6th Cir. 2008) (reversing dismissal

---

[1] Unlike his other claims, Korn did not attach inmate grievances or appeals which would indicate that he exhausted his claims regarding Dr. Marrero's treatment. Nonetheless, the Court does not consider at this juncture whether Korn exhausted his administrative remedies with respect to these claims as required by federal law, 42 U.S.C. § 1997e(a).

upon screening of certain claims for failure to plead exhaustion of administrative remedies, but affirming dismissal of other claims as barred by the statute of limitations); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.")

Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period. Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The medical care about which Korn now complains occurred in Lexington, Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

The medical care which forms the basis for Korn's claims was provided while Korn was confined at FMC-Lexington beginning in late 2013 and continuing through September 2015. Because Korn filed his complaint in this action on November 13, 2015, conduct occurring one year or more before that date is time barred. Korn's disagreement with Dr. Lightfoot regarding a diagnosis for Sjogren's syndrome preceded his filing of a grievance on that issue as early as January 18, 2014, and therefore accrued at or before this time. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Because Korn did not file suit until November 2015, this claim is barred by the applicable statute of limitations. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Second, the Court concludes that all of Korn's allegations fail to state a viable claim for violation of the Eighth Amendment. The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." *Blackmore v. Kalamazoo County*, 390 F. 3d 890, 895 (6th Cir. 2004) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff asserting deliberate indifference to his serious medical needs must establish both the objective and subjective components of such a claim. *Jones v. Muskegon Co.*, 625 F. 3d 935, 941 (6th Cir. 2010). The objective component requires the plaintiff to show that the medical condition is "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), such as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F. 3d 510, 518 (6th Cir. 2008) (citations omitted). The subjective component requires the plaintiff to show that prison officials actually knew of a substantial risk of harm to the plaintiff's health but consciously disregarded it. *Cooper v. County of Washtenaw*, 222 F. App'x 459, 466 (6th Cir. 2007); *Brooks v. Celeste*, 39 F. 3d 125, 128 (6th Cir. 1994).

Korn's complaint strongly suggests that he satisfies the requirement that his medical conditions and symptoms, whether considered collectively or in isolation, are "sufficiently serious" to implicate Eighth Amendment concerns. Cf. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."). But the subjective component requires a showing that his health care providers were aware of his medical conditions yet through their actions chose to consciously and deliberately disregard a serious risk to his health, a much more demanding standard. *Farmer*, 511 U.S. at 834; *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate

5

indifference 'is more than negligence and approaches intentional wrongdoing.'" (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)).

Here, Korn complains that his treating physicians failed to diagnose him with Sjogren's syndrome in 2014 and did not treat his chronic pain with enough methadone. As to the former allegation, Dr. Lightfoot repeatedly conducted medical tests throughout 2014 to determine whether such a diagnosis was warranted, including multiple biopsies of Korn's salivary glands, three CT scans, and one magnetic resonance imagery scan. That extensive history of medical testing and evaluation is manifestly insufficient to support a claim that the defendants were deliberately indifferent to Korn's medical needs, even if Korn disagrees with his treating physician's conclusion that his symptoms did not support a diagnosis of Sjogren's syndrome. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) ("[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law.")

That conclusion is not undermined even where another doctor, here Korn's gastroenterologist, disagreed with the medical conclusion reached by Dr. Lightfoot. *Holloway v. Delaware Co. Sheriff*, 700 F. 3d 1063, 1074 (7th Cir. 2012) (a "prison physician, as the inmate's acting primary care doctor, is free to make his own, independent medical determination as to the necessity of certain treatments or medications, so long as the determination is based on the physician's professional judgment and does not go against accepted professional standards."); *Pyles v. Fahim*, 771 F. 3d 403, 409 (7th Cir. 2014) ("Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation.").

Similarly, Korn's mere disagreement with the dosage of methadone, a potentially-addictive opiod pain medication, is insufficient to indicate deliberate indifference to his medical needs. As Korn acknowledged in his inmate grievances and appeals, his treating physicians did not "cut him off" from his pain medications, but at times tapered the dosage or adjusted the timing and frequency of its intake. In addition, Korn's doctors had prescribed methadone for him prior to his complaints, adjusted his dosage to only ten milligrams below the daily amount he claimed was necessary, and did so while maintaining him on numerous other medications including Hydroxychloroquine, Cavimelide, and Pentosan to address a plethora of health conditions.

These facts are insufficient to support a claim of deliberate indifference to Korn's health. Where a prisoner has been examined and treatment provided but the prisoner merely disagrees with the course of care determined by his treating physician in the exercise of his medical judgment, his claim sounds in state tort law – it does not state a viable claim of deliberate indifference under the Eighth Amendment. *Pyles*, 771 F.3d at 409; *Durham v. Nu'Man*, 97 F. 3d 862, 868-69 (6th Cir. 1996). Even "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F. 3d 693, 703 (6th Cir. 2001). A prisoner's "disagreement with the exhaustive testing and treatment he received while incarcerated does not constitute an Eighth Amendment violation." *Lyons v. Brandy*, 430 F. App'x 377, 381 (6th Cir. 2011) (*citing Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)); see also *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) ("Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts.").

In sum, Korn's disagreement with his treating physicians regarding the best course of treatment may state a claim of medical malpractice, but is insufficient to state a claim of deliberate indifference under the Eighth Amendment in light of the extensive treatment he did receive.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Paul J. Korn's complaint [R. 1] is **DISMISSED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

Dated July 7, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY